[No. 6419. Decided December 22, 1906.]

GRACE T. JOHNSTONE, *Respondent*, v. SEATTLE, RENTON &
SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

CARRIERS—COLLISION OF STREET CARS—INSTRUCTIONS. In an action
for personal injuries sustained by a passenger in a street car col-
lision, where the collision was admitted, and the main issue was as
to the extent of the injury, it is not misleading· or error to instruct
the jury to the effect that the speed of the cars was material only to
establish the force of the collision and that such force was material
only to establish the probability and extent of the injury.

EVIDENCE—WEIGHT AND SUFFICIENCY—INSTRUCTIONS AS TO PREPON-
DERANCE. An instruction to the effect that the preponderance of the
evidence is the "best evidence—that which appeals to your intelli-
gence—the evidence which satisfies your minds," etc., is not error
where it is evident that the expression "best" was not used in its
technical sense, and did not mislead the jury.

TRIAL—MISCONDUCT OF PARTIES—PLEADING—PREJUDICIAL STATE-
MENTS. It is not ground for reversal that the complaint in a per-
sonal injury case contained many allegations calculated to prejudice
the jury, as to which there was no intention of offering proof, where
such abuse was not flagrant or its prejudicial effect plainly evident.

Appeal from a judgment of the superior court for King
county, Morris, J., entered April 14, 1906, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by a passenger in a street car col-
lision. Affirmed.

*Sachs & Hale*, for appellant.

*Rossman & Johnson*, for respondent.

ROOT, J.—This is an appeal from a judgment for $3,500,
for damages sustained, in a personal injury case. Respond-
ent was a passenger on appellant's street railway car, when the
latter collided with another of appellant's cars. The answer
admitted the collision, but denied the extent of the injuries sus-

[1]Reported in 87 Pac. 1125.

tained by respondent.   The trial court, among others, gave the following instruction:

"The speed at which these cars collided and the injuries to the car are material only so far as they may serve to establish the force of the collision, and the force of the collision is material only in so far as it may serve to establish the probabilities as to whether or not the plaintiff was injured, and the nature, kind, character, and extent of that injury."

Appellant argues that from this instruction the jury had a right to presume that plaintiff was injured as testified by her, and that in determining the character and extent of her injuries they should be influenced by the evidence as to the force of the collision and the damage occasioned to the cars thereby, and that this would be improper.   We do not think the instruction was erroneous.   The main issue was as to the extent of respondent's injuries.   While the force of the collision and its effect upon the cars would not be conclusive, or exclusively controlling, considerations in determining the character or extent of respondent's injuries, yet these facts and circumstances we think were well calculated to aid the jury in properly weighing and understanding the evidence given as to the character and extent of said injuries, and the particular manner in which they were occasioned.   We think there was nothing in said instruction calculated to mislead the jury or prejudice appellant's rights.

The trial court also gave the following instruction, to which exception was taken by appellant:

"By this term 'preponderance of the evidence' as I have used it in these instructions, is meant the best evidence; that which appeals to your intelligence as jurors, and as men versed in the ordinary affairs of life, as being the most probable happening—being the most probable event.   Now, the evidence which satisfies your mind upon that score is always the best evidence—is always the evidence that is entitled to your consideration, and that is what the law means when it uses this expression 'preponderance of evidence.'   It means evidence of that character; evidence which appeals to your

judgment and to your intelligence as establishing certain facts; and in determining that, you should look to the witnesses; who they are and what they are; their interest in the case; their means of knowing the facts concerning which they testify; their manner of testifying—all these things should be taken into consideration by you in determining where the preponderance of evidence is."

Appellant urges that the court herein told the jury that the "preponderance of the evidence" was the "best" evidence, and that the jury might naturally have concluded that the party injured could give the best evidence as to whether or not she was injured, and as to the extent and nature thereof, and that they might be controlled by that even though the preponderance or weight of the evidence was the other way. We do not think this position tenable. It is evident that the trial judge did not use the expression "best" evidence in its technical sense, but used the term for the purpose of explaining to the jury, in a plain and practical manner, what was intended by the expression "preponderance of the evidence." While the distinction between technical legal terms is readily observed by those experienced and familiar with such matters, it is nevertheless frequently imperceptible to the lay mind, which is wont to give such terms their ordinary meaning. We do not believe that the language of the trial court was calculated to, or did, mislead the jury, or that it was inappropriate for the explanation and direction which the court was endeavoring to give.

It is next urged by appellant that the complaint contained a large number of allegations which it was evident there was no intention of proving or attempting to prove, and as to which there was no evidence offered, and that their presence was calculated to prejudice the jury against appellant. The placing in pleadings of numerous allegations which the pleader has no intention or expectation of proving or attempting to prove, when such allegations are of a character calculated to prejudice or unduly affect the jury, is a repre-

hensible practice, and in flagrant cases may justify the trial court in withholding the complaint, or those portions of the complaint, from the jury, or possibly in granting a new trial, if it is reasonably probable that the presence of these extrinsic and inflammatory matters was due to bad faith, and they were such as may probably have unduly influenced the jury to the substantial detriment of the opposing party.  But before a new trial could be granted upon this ground alone, the abuse mentioned should be a flagrant one, and its prejudicial effects upon the jury plainly evident or exceedingly probable. We do not think that this is a case of that kind.

Lastly it is urged that the verdict herein was excessive, and that the trial court should have reduced the amount.  There is a conflict in the evidence as to some of the circumstances immediately attending the injury to respondent, as well as to the injuries apparent at that time, and a wide divergence in the opinion of the medical experts who testified in the case. There is an abundance of evidence which, if believed, would justify the amount awarded by the jury.

Finding no prejudicial error in the record, the judgment of the superior court is affirmed.

MOUNT, C. J., CROW, DUNBAR, HADLEY, and FULLERTON, JJ., concur.